1
2
3
4
5
6
7

O

8
9
10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

11   RAUL CHAVOLLA,                      )   Case No. CV 13-3943 RNB
                                         )
12                      Plaintiff,       )
                                         )
13           vs.                         )   ORDER REVERSING DECISION OF
                                         )   COMMISSIONER AND REMANDING
14   CAROLYN COLVIN, Acting              )   FOR FURTHER ADMINISTRATIVE
     Commissioner of Social Security,    )   PROCEEDINGS
15                                       )
                        Defendant.       )
16                                       )
                                         )
17   _____   )
18

19        Plaintiff filed a Complaint herein on June 10, 2013, seeking review of the

20   Commissioner's denial of his application for Disability Insurance Benefits for the

21   closed period of June 27, 2007, to May 20, 2009.[1]  In accordance with the Court's

22   Case Management Order, the parties filed a Joint Stipulation on February 24, 2014.

23   Thus, this matter now is ready for decision.[2]

24

25        [1]    The Commissioner found plaintiff disabled beginning on May 21, 2009.

26   (See Administrative Record ["AR"] at 28.)

27        [2]    As the Court advised the parties in its Case Management Order, the

28                                                                    (continued...)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1.    Whether the Administrative Law Judge ("ALJ") properly determined plaintiff's residual functional capacity ("RFC") for the relevant period of June 27, 2007, to May 20, 2009.

2.    Whether the ALJ properly applied the Medical Vocational Guidelines for the relevant period.

3.    Whether the ALJ made a proper adverse credibility determination.

**DISCUSSION**

As to Disputed Issue Nos. 1 and 3, as discussed hereafter, the Court concurs with plaintiff that the ALJ failed to properly determine plaintiff's residual functional capacity for the relevant period and failed to make a proper adverse credibility determination.  As a result of the Court's finding with respect to Disputed Issue No. 1, it is unnecessary for the Court to reach the issue of whether the ALJ placed plaintiff in the proper functional category under the Medical Vocational Guidelines for the relevant period.

**A.    The ALJ failed to properly determine plaintiff's RFC for the relevant period (Disputed Issue No. 1).**

Plaintiff contends that, in determining that plaintiff had an RFC for medium

---

[2](...continued)
decision in this case is being made on the basis of the pleadings, the administrative record, and the Joint Stipulation ("Jt Stip") filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

work for the relevant period of June 27, 2007, to May 20, 2009, the ALJ failed to properly consider the opinions of two treating physicians of record (Dr. Lane and Dr. Ha'Eri) and one examining physician of record (Dr. Chanin).  (See Jt Stip at 4-13.) As discussed hereafter, the Court rejects plaintiff's position with respect to Dr. Chanin and Dr. Lane.  However, the Court concurs with plaintiff's position with respect to Dr. Ha'Eri.

Dr. Chanin

In May 2007, Dr. Chanin, an examining physician, provided an opinion stating that plaintiff's left arm injury, suffered in October 2006, rendered plaintiff "Temporarily Partially Disabled" with restrictions of "no lifting greater than 5 lbs," "limited use of the left upper extremity," and other similar restrictions. (See AR 358-59.)

The Court finds that ALJ's failure to discuss and consider Dr. Chanin's opinion for the relevant period was not error because the opinion was not significant and probative evidence in two respects. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (an ALJ need only discuss evidence that is significant and probative).  First, since Dr. Chanin's opinion was rendered in May 2007, before plaintiff's alleged disability onset date of June 27, 2007, it arguably was not probative of the relevant period. See Burkhart v. Bowen, 856 F.2d 1335, 1340 n.1 (9th Cir. 1988) (ALJ correctly rejected evidence on the ground that it was not probative because it was prior to the relevant time period).  Second, and more importantly, at the time of Dr. Chanin's examination in May 2007, plaintiff's condition arguably was at its worst because he had seen no other doctors for his injury and had exacerbated his symptoms by continuing to work while untreated.  (See AR 359.)  The record reflects that, subsequent to Dr. Chanin's examination, plaintiff experienced improvement after receiving treatment consisting of acupuncture, physical therapy, prescription analgesic medications, and epidural steroid injections.  (See AR 366,

1   371-72, 388-91.)  Since Dr. Chanin could not have accounted for any reasonable

2   treatment received by plaintiff, his opinion was not significant and probative evidence

3   of plaintiff's limitations during the relevant period.

4

5   Dr. Lane

6   In July 2009, Dr. Lane, plaintiff's treating physician, examined plaintiff and

7   opined that plaintiff "cannot work with his left arm in front of him or over head" and

8   was "unable to perform forceful bending, pushing, pulling, grasping or lifting with

9   [his] upper extremities." (See AR 278.)  In September 2009, Dr. Lane saw plaintiff

10  again and opined that plaintiff still had the same restrictions. (See AR 267.)

11  The Court rejects plaintiff's contention that the ALJ failed to properly consider

12  Dr. Lane's opinion for two reasons.  First, contrary to plaintiff's assertion that the

13  ALJ failed to discuss Dr. Lane's opinion, the ALJ did in fact discuss Dr. Lane's

14  opinion, without specifically mentioning Dr. Lane's name (see AR 27), and appeared

15  to consider the opinion for purposes of plaintiff's disability commencing on May 21,

16  2009. Second, Dr. Lane's opinions from July and September 2009 were not probative

17  evidence of plaintiff's limitations during the earlier, relevant period of June 27, 2007,

18  to May 20, 2009, which is at issue here.  In fact, there is no evidence that Dr. Lane

19  even saw plaintiff during the relevant period. See Lombardo v. Schweiker, 749 F.3d

20  565, 567 (9th Cir. 1984) (rejecting claim that ALJ improperly disregarded opinion of

21  psychiatrist who examined claimant after the relevant period).

22

23  Dr. Ha'Eri

24  In June 2007, Dr. Ha'Eri, plaintiff's treating physician, examined plaintiff and

25  opined that plaintiff could "return to modified work with the restrictions of no strong

26  pushing, pulling, or lifting over 5 pounds with the left upper extremity, and if this is

27  not available, he should be on total temporary disability." (See AR 382.)  In October

28  2007, after reexamining plaintiff, Dr. Ha'Eri noted that plaintiff had received some

4

1   relief with acupuncture treatment and opined that plaintiff should perform "no lifting,
2   pushing, or pulling over 15 pounds and no work over the shoulder on the left." (See
3   AR 367.)   In November 2007, Dr. Ha'Eri reexamined plaintiff and opined that
4   plaintiff had the same restrictions as those assessed in his October 2007 examination.
5   (See AR 365.)

6        The Court concurs with plaintiff that the ALJ erred by failing to properly
7   consider Dr. Ha'Eri's opinions for purposes of the RFC determination for the relevant
8   period.  Unlike the opinions of Drs. Chanin and Lane, the opinions of Dr. Ha'Eri were
9   probative of the relevant period.  To the extent that the ALJ rejected Dr. Ha'Eri's
10  opinions for the period at issue by determining that plaintiff had an RFC for medium
11  work, it was incumbent upon the ALJ to provide legally sufficient reasons before
12  doing so.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (an ALJ must
13  provide "specific and legitimate reasons supported by substantial evidence in the
14  record" to reject the opinion of a treating physician, even if contradicted by another
15  physician); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007)
16  (with respect to the requirements to provide legally sufficient reasons to reject a
17  treating physician's opinion, "an ALJ cannot avoid these requirements simply by not
18  mentioning the treating physician's opinion and making findings contrary to it").  The
19  ALJ did not provide any such reasons here.  Although the Commissioner argues that
20  Dr. Ha'Eri's opinions were in fact accounted for in the ALJ's RFC determination for
21  medium work (see Jt Stip at 10), the Court disagrees because Dr. Ha'Eri's opinions
22  set out limitations that plainly precluded medium work and that were disregarded by
23  the ALJ without explanation.

24

25  **B.    The ALJ failed to make a proper adverse credibility determination**
26  **(Disputed Issue No. 3).**

27       Disputed Issue No. 3 is directed to the ALJ's adverse credibility determination
28  with respect to plaintiff's subjective symptom testimony.  (See Jt Stip at 18-24.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen, 80 F.3d at 1281; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff provided little testimony at the administrative hearing because he testified that he could not hear the ALJ's questions. (See AR 46.) However, in a written questionnaire, plaintiff stated that pain in his left side required him to take several breaks in the day and limited him to walking for half an hour at a time and to lifting no more than 10 pounds. (See AR 158, 159.) The ALJ found that, although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (See AR 26.)

In support of this adverse credibility determination, the ALJ proffered the following reason (see AR 26):

> At the hearing, the claimant appeared to feign understanding [sic] as to suggest complete hearing loss. The undersigned does not accept absolute hearing loss as true, as no medical records . . . indicate the claimant has lost all hearing in both ears. The claimant is not credible.

//
//

6

1    The Court finds that this was not a legally sufficient reason on which the ALJ

2 could properly rely in support of his adverse credibility determination because the

3 record contradicts the ALJ's finding that plaintiff had made an unsupported claim of

4 a complete or absolute hearing loss.  First, plaintiff did not claim a complete or

5 absolute hearing loss; rather, he claimed a significant hearing loss that enabled him

6 to hear voices without understanding them.  (See AR 46, 48.)  Second, plaintiff's

7 claim of a significant hearing loss was supported by an audiological examination that

8 noted plaintiff had complained of hearing loss for a number of years and that

9 confirmed plaintiff had "a moderate to severe mixed hearing loss, bilaterally."  (See

10 AR 335.)

11    The Commissioner argues that the ALJ provided two additional reasons that

12 were each legally sufficient to support his adverse credibility determination.  First,

13 the Commissioner argues that the ALJ found that plaintiff was exaggerating his

14 symptoms by citing evidence of his daily activities, consisting of doing household

15 chores, running errands, shopping, cooking, driving, going to places alone, visiting

16 with family and friends, and dressing and bathing independently.  (See Jt Stip at 21.)

17 However, it is not even clear that the ALJ relied on evidence of plaintiff's daily

18 activities for his adverse credibility determination; the ALJ merely described

19 plaintiff's daily activities without explaining their significance.  (See AR 26-27.)

20 Accordingly, the Court cannot consider this reason to uphold the ALJ's adverse

21 credibility determination.  See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

22 2003); Ceguerra v. Sec'y of Health and Human Svcs., 933 F.2d 735, 738 (9th Cir.

23 1991).  And even had the ALJ expressly cited plaintiff's daily activities as evidence

24 that plaintiff had been exaggerating his symptoms, this would not have been a legally

25 sufficient reason to support the ALJ's adverse credibility determination because the

26 ALJ failed to specify what subjective symptom testimony by plaintiff was

27 inconsistent with his daily activities.  See Lester, 81 F.3d at 834 ("General findings

28 are insufficient; rather, the ALJ must identify what testimony is not credible and what

7

1  evidence undermines the claimant's complaints.").

2         Second, the Commissioner argues that the ALJ found that plaintiff had received
3  "only very conservative treatment and took only over-the-counter pain medication."
4  (See Jt Stip at 22.)  But nowhere in the ALJ's opinion did the ALJ state that plaintiff
5  had received only very conservative treatment.  Although there is a brief reference in
6  the ALJ's opinion to the over-the-counter pain medication plaintiff had been taking
7  (see AR 26), it is far from clear that this was a basis for the ALJ's adverse credibility
8  determination.  Accordingly, the Court cannot consider this reason to uphold the
9  ALJ's adverse credibility determination.  And even assuming that the ALJ had
10 expressly cited plaintiff's usage of only over-the-counter pain medication as a basis
11 for his adverse credibility determination, it would not have been a legally sufficient
12 reason because the record reflects that plaintiff received other types of treatment such
13 as acupuncture, physical therapy, prescription analgesic medications, and epidural
14 steroid injections.  (See AR 366, 371-72, 388-91.)

15

16                      **CONCLUSION AND ORDER**

17        The law is well established that the decision whether to remand for further
18 proceedings or simply to award benefits is within the discretion of the Court.  See,
19 e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan,
20 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.
21 1981).  Remand is warranted where additional administrative proceedings could
22 remedy defects in the decision.  See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th
23 Cir. 1984); Lewin, 654 F.2d at 635.  Remand for the payment of benefits is
24 appropriate where no useful purpose would be served by further administrative
25 proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record
26 has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986);
27 or where remand would unnecessarily delay the receipt of benefits, Bilby v.
28 Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

                                    8

1    Weighing in favor of a remand for further administrative proceedings here is
2    the fact that this is not an instance where no useful purpose would be served by
3    further administrative proceedings.  Rather, additional administrative proceedings
4    conceivably could remedy the defects in the ALJ's decision.
5    The Court is mindful of Ninth Circuit case authority holding that "the district
6    court should credit evidence that was rejected during the administrative process and
7    remand for an immediate award of benefits if (1) the ALJ failed to provide legally
8    sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that
9    must be resolved before a determination of disability can be made; and (3) it is clear
10   from the record that the ALJ would be required to find the claimant disabled were
11   such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004);
12   see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S.
13   1038 (2000)[3]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human
14   Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988).  Under the foregoing case
15   authority, when this test is met, the Court will take the improperly discredited
16   testimony as true and not remand solely to allow the ALJ another opportunity to make
17   specific findings regarding that testimony.  This rule applies not only to medical
18   opinion evidence, but also to a claimant's improperly discredited excess pain and
19   other subjective symptom testimony.  However, in Connett, 340 F.3d at 876, the panel
20   held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit.
21   There, the Ninth Circuit remanded for reconsideration of the claimant's credibility
22   where the record contained insufficient findings as to whether the claimant's
23   testimony should be credited as true.  See id.
24   //
25
26
27    [3]    In Harman, the Ninth Circuit noted that this three-part test "really
28   constitutes a two part inquiry, wherein the third prong is a subcategory of the
     second." Harman, 211 F.3d at 1178 n.7.

9

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here.   Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

DATED:  March 11, 2014

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[4]      It is not the Court's intent to limit the scope of the remand.

10